# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.                                          CIV. NO. 05-0290 WJ/WPL
                                                CR. NO. 03-1293 WJ

LLOYD TAPLIN,

    Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Lloyd Taplin pled guilty to three instances of distributing less than five grams of a mixture containing cocaine base. He was sentenced to 151 months of imprisonment. [Doc. 46][1] Through counsel, Taplin has filed a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255. [Doc. 49] He asserts that the Court should have departed downward because his designation as a career offender overrepresented the seriousness of his criminal history and because his post-offense rehabilitation efforts were exceptional. He also asserts that trial counsel was ineffective. For the reasons that follow, I recommend that the motion be denied.

### PROCEDURAL BACKGROUND

Taplin signed a plea agreement, which set forth the statutory range of punishment, but stated that no one could predict with certainty what guideline range would apply until after the presentence investigation. [Doc. 25 at 2] The agreement provided that Taplin would not be allowed to withdraw his plea if the applicable guideline range was higher than expected. [Doc. 25 at 2-3] Taplin reserved the right to seek a downward departure based on overrepresentation of criminal history. [Doc. 25

---

[1] Unless otherwise noted, all document number references are to criminal number 03-1293 WJ.

at 4] He waived the right to appeal the sentence unless the Court made an upward departure. [Doc. 25 at 5]

The presentence report found a base offense level of 26. [Doc. 49 Ex. at 7] This number was adjusted upward by 6 points because Taplin is a career offender and was adjusted downward by 3 points for acceptance of responsibility, resulting in a total offense level of 29. [Doc. 49 Ex. at 8] Taplin had 26 criminal history points, establishing a criminal history category of VI. [Doc. 49 Ex. at 23] The imprisonment range was therefore 151 to 188 months. [Doc. 49 Ex. at 33]

Taplin's trial counsel objected to the presentence report and filed two sentencing memoranda. [Doc. 29, 30, 42] Among other things, counsel argued that Taplin's criminal history category should be adjusted downward to category V because category VI significantly overrepresented the seriousness of his criminal history and that Taplin should receive a downward adjustment because his post-offense rehabilitation efforts had been extraordinary and exceptional. [Doc. 29 at 6-7, Doc. 42 at 2-4]

At the sentencing hearing before the Honorable William P. Johnson, Taplin's counsel reiterated the arguments made in the sentencing memoranda. [TR 03/15/04 at 5-11, 14-15] Regarding the criminal history category, Judge Johnson noted that he would have to remove 14 criminal history points to get from category VI to category V. [TR 03/15/04 at 15] He refused to make the adjustment, citing *United States v. Cordova*, 337 F.3d 1246 (10th Cir. 2003).[2] After acknowledging that *Cordova* involved an offense-level reduction rather than criminal history points, Judge Johnson stated:

---

[2] In *Cordova*, the Tenth Circuit reversed the New Mexico District Court's granting of a downward departure from offense level 23 to offense level 8 because the departure was "lacking in references to the Guidelines and [was] inconsistent with its goals." 337 F.3d at 1248, 1250.

>[A]s I read that opinion, what they're saying is, if you're going to depart from the guidelines, you've got to . . . somehow link the departure or justify the departure based on something in the guidelines.  And in looking at this for the overrepresentation of criminal history points . . . I can find no basis in the guidelines or Tenth Circuit law that would allow me to knock away more than 50 percent of the criminal history points . . . .
>
>[T]hat's just too far . . . a leap.  Now, I agree some of these criminal history points, in the grand scheme of things, are rather – maybe you could say they're minor, but nevertheless, there's 26 of them, and you just can't take away 14 to get down to a category V, so there's just not a basis for that.  [TR 03/15/04 at 16-17]

Regarding post-offense rehabilitation, Judge Johnson recognized that Taplin had made a significant attempt, but found his efforts not to be exceptional enough to warrant a departure.  [TR 03/15/04 at 17-19]  Finally, in response to Taplin's request for mercy, Judge Johnson stated:

>The problem, again, in the federal system, the judges can't give much in the way of mercy, Mr. Taplin, and I think – I mean, I'm going to impose the minimum sentence under the applicable sentencing guideline range, which is 151 months, but I will state for the record that, if there were valid bases for going below that or if I had some discretion to suspend part of it, then I would, but I don't.  [TR 03/15/04 at 20-21]

Taplin did not appeal.  In his § 2255 motion, he states that the sentence should be corrected for two reasons: "1) his designation as a career criminal significantly overrepresents the seriousness of his criminal history, and the sentencing Court did have discretion to depart on this basis; and 2) post-conviction rehabilitation and impact of an[] extensive sentence on his family."  [Doc. 49 at 5]  The majority of the motion is devoted to the first argument.  In the context of this argument, the motion states that the Court was not adequately briefed on the issue because "[w]hile prior counsel informed the sentencing Court that it had discretion to make a horizontal departure . . . he did not adequately explain to the sentencing Court its discretion . . . to grant a downward departure."  [Doc. 49 at 16]  These statements are the only arguable references to ineffective assistance of counsel in the

3

motion. The motion does not explicitly articulate an ineffective assistance of counsel claim and does not cite the standard of review or any guiding law that applies to such claims.

In response to the § 2255 motion, the United States asserts that Taplin's arguments are procedurally defaulted because he failed to appeal and that the arguments are not cognizable under § 2255. [Doc. 52 at 4-6] The United States also asserts that Taplin did not raise an ineffective assistance claim, but even if he did, such a claim would be meritless. [Doc. 52 at 5 n.4 & 6-8]

Taplin filed a reply, stating that upon viewing the presentence report, he informed trial counsel that he wanted to appeal if he were found to be a career offender. Counsel told Taplin that he would not file an appeal because Taplin had waived his appellate rights, but that he could raise sentencing issues in a habeas proceeding. [Doc. 8 (Civ. No. 05-0290)] Attached to the reply is an affidavit by trial counsel. [Doc. 8 Ex. 1 (Civ. No. 05-0290)] The affidavit states that Taplin informed him that he wished to appeal when the Court denied the downward departure. It further states:

> I informed Taplin that I could not file an appeal because he had waived his right to appeal as a part of the plea bargain. I informed him that the only avenue available to him to seek further review would be to seek to have his sentence reviewed in a collateral proceeding such as a Section 2255 motion. [Doc. 8 Ex. 1 (Civ. No. 05-0290)]

Based in part on the factual assertions in the unsworn reply and affidavit, Taplin attempts to recast his arguments. First, he argues that ineffective assistance of counsel excuses the procedural default in that trial counsel was ineffective by failing to perfect an appeal under the mistaken belief that Taplin could raise sentencing issues in a § 2255 motion without having raised the issues on appeal. Second, Taplin argues that his claims are cognizable under § 2255, but if they are not, his plea was unknowing and involuntary, and his trial counsel was ineffective, because he entered into the plea agreement based on the representation that he would be able to have his sentence reviewed

4

in a § 2255 proceeding. Therefore, if the claims are not cognizable, he must be allowed to withdraw his plea. Third, he argues that he is entitled to an appeal because trial counsel refused his request to perfect an appeal. [Doc. 8 (Civ. No. 05-0290)]

### COGNIZABILITY

In arguing that Taplin's claims are not cognizable, the United States relies on cases from the Fourth and Fifth Circuits, which concluded that errors in the application of the Sentencing Guidelines generally cannot be raised in a § 2255 proceeding. *See United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). The United States has not cited, and I am not aware of, a Tenth Circuit case reaching the same conclusion. Moreover, Taplin's claims are unpersuasive for the reasons explained below. I will therefore address the claims on the merits. *See United States v. Talk*, 158 F.3d 1064, 1070 (10th Cir. 1998) ("Because we ultimately conclude that [the defendant] cannot substantiate the error he alleges, there is no need to resolve conclusively whether such error is actionable by means of a § 2255 petition.").[3]

### PROCEDURAL DEFAULT

"The Supreme Court has 'long and consistently affirmed that a collateral attack may not do service for an appeal.'" *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Therefore, courts generally will not consider an issue raised in a § 2255 motion if that issue was not raised on direct appeal. *Id.* This rule applies even when a defendant waived the right to appeal as part of a plea agreement. *See United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (citing cases). But it does not apply to claims of ineffective

---

[3] Because I will consider the merits of Taplin's sentencing arguments, I necessarily reject his claim that his plea was involuntary because it was entered under the erroneous understanding that his sentence would be reviewable in a § 2255 proceeding.

assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). It also does not apply if the defendant can demonstrate "cause and prejudice" or a fundamental miscarriage of justice. *Harms*, 371 F.3d at 1211. A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice. *Id.*

### INEFFECTIVE ASSISTANCE OF COUNSEL

In the interest of justice, I will liberally construe Taplin's motion as raising an ineffective assistance of counsel issue--that trial counsel did not adequately brief the request for a departure under section 4A1.3 of the Sentencing Guidelines because he did not move for a vertical departure in addition to the horizontal departure.

To establish ineffective assistance of counsel, Taplin must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, he must show prejudice, *i.e.* that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

Assuming that the decision not to seek a vertical departure was not a reasonable tactical choice, Taplin still cannot demonstrate prejudice from the decision. For a defendant to be entitled to either a vertical or a horizontal departure under section 4A1.3, the trial judge must find that the defendant's designation as a career offender overrepresents the seriousness of his criminal history or the likelihood that he will commit other crimes. *See* U.S.S.G. § 4A1.3(b)(1); *see also United States v. Shoupe*, 35 F.3d 835, 837-38 (3d Cir. 1994). Trial counsel argued both of these points in the context of seeking a horizontal departure, yet Judge Johnson did not make either finding. [TR

03/15/04 at 9-11, Doc. 30 at 2-3] Furthermore, in deciding not to depart, Judge Johnson relied primarily on *Cordova*, which involved a vertical departure in offense levels. Because *Cordova* would have been even stronger authority for the refusal to grant a vertical departure than for the refusal to grant the horizontal departure sought by trial counsel, it is unlikely Judge Johnson would have been persuaded to grant the vertical departure.

### REFUSAL TO DEPART

Since Taplin did not appeal, he procedurally defaulted his claims that the trial court erred in refusing to depart. Therefore, I may not consider the merits of these claims unless Taplin demonstrates that his counsel was ineffective in failing to raise the claims on direct appeal. But I cannot determine whether counsel was ineffective without analyzing the merits of the claims. *See Banks v. Reynolds*, 54 F.3d 1508, 1515-16 (10th Cir. 1995) (recognizing "the apparent circularity of this review"). Because the ultimate question is whether the underlying claims are meritorious, I will proceed directly to that question.

Taplin first argues that the Court should have departed on the basis that his designation as a career offender significantly overrepresents the seriousness of his criminal history and the likelihood that he will commit further crimes. This argument is premised on the contention that Judge Johnson did not understand that he had the discretion to depart on this basis.

Taplin cites the following statement as proof that Judge Johnson did not believe he had the discretion to depart: "[I]f there were valid bases for going below that or if I had some discretion to suspend part of it, then I would, but I don't." [TR 03/15/04 at 21] This statement demonstrates that Judge Johnson believed that he did not have discretion to grant a suspended sentence, a conclusion that Taplin has not disputed. The part of the statement concerning the downward departure ("[I]f

7

there were valid bases for going below that . . . , then I would . . . ."), read in context with his other statements, indicates that Judge Johnson simply found Taplin's case did not warrant an exercise of his discretion to depart. [TR 03/15/04 at 15-17, 20-21] Accordingly, Taplin is not entitled to relief on this ground. *See United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994) (holding, in a direct appeal, that "unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision"); *see also McMahon v. United States*, No. 00-5001, 2000 WL 1869451 at *4 (10th Cir. Dec. 21, 2000) (unpublished) (finding, in a § 2255 case, that judge's statement that "there was no authority . . . that would authorize a downward departure" and that he "did not believe [the] circumstances justified a departure" was not unambiguous statement that judge believed he lacked authority to depart).

Taplin next argues that the Court should have departed on the basis that his post-offense rehabilitation efforts were exceptional. Taplin does not contend that Judge Johnson believed he lacked the discretion to depart on this basis. It is clear from the record that he believed he had this discretion, but that Taplin's case did not warrant such a departure. Therefore, Taplin is not entitled to relief on this ground. *See Rodriguez*, 30 F.3d at 1319.

Taplin also argues that his family circumstances warrant a departure because he has two young children who depend on him for emotional and psychological support. There is no evidence, however, that the effect on his family would be substantially greater than when any parent is incarcerated. Accordingly, this circumstance does not justify a departure, even when considered in conjunction with his post-offense rehabilitation efforts. *See United States v. McClatchey*, 316 F.3d 1122, 1136-37 (10th Cir. 2003).

### REFUSAL TO FILE NOTICE OF APPEAL

Taplin's final claim is that his trial counsel violated his instructions to perfect an appeal. Taplin first raised this claim in his reply. Therefore, it is not properly before the Court. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir.1997); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994). Moreover, Taplin has not provided the Court with an affidavit averring that he instructed his attorney to appeal. *See* RULE 2(b)(5) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS; *Gerrish v. United States*, 353 F. Supp. 2d 95, 97 (D. Me. 2005). Trial counsel's affidavit merely states that when Taplin told him that he "wished" to appeal, counsel advised that the waiver precluded an appeal. Because this affidavit does not state that Taplin insisted on appealing despite this advice, the affidavit does not establish that counsel violated Taplin's instructions to perfect an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."); *cf. United States v. Garrett*, 402 F.3d 1262, 1264, 1266 (10th Cir. 2005) (factual dispute existed because defendant asserted that he requested counsel to file an appeal, but counsel claimed that he advised defendant that he could not appeal because of waiver in plea agreement and that defendant did not explicitly ask for an appeal).

### RECOMMENDED DISPOSITION

For the reasons stated herein, I recommend that Taplin's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255 [Doc. 49], be denied.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

*[signature: William P. Lynch]*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE